

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2008

# Tumbel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3548

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tumbel v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3548
_____

EDDY TUMBEL; YUSMIN LEGAYANTI PARHUSSIP;
ELLEN TIURMA TUMBEL; FRANSYE YOHANES TUMBEL;
CHRISTINE DAMERIA TUMBEL,
                                              Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA Nos. A96-203-339, A97-966-004,
A97-966-005, A97-966-006, A97-966-007)
U.S. Immigration Judge: Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 21, 2008
Before:   SCIRICA, Chief Judge, CHAGARES and ALDISERT,  Circuit Judges.

(Filed: May 30, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Eddy Edward Tumbel, his wife, and three of his children, natives and citizens of

Indonesia, petition for review of an order of the Board of Immigration Appeals (BIA or

Board).  The Board's order adopted and affirmed an Immigration Judge's (IJ's) decision, which found the family's asylum applications untimely, and which denied withholding of removal and protection under the Article 3 of the United Nations Convention Against Torture (CAT).[1]  We will deny the petition for review.

Tumbel entered the United States in 1995; his wife and two children came in 1999, and a third child came in 2002.  Petitioners stayed longer than permitted, and eventually all filed asylum claims, although they did not file within one year of their respective arrivals.  In removal proceedings, the IJ determined that the asylum claims were barred as untimely, and that no exception to the one-year filing deadline applied.  The IJ, however, considered the applications as applications for withholding of removal and protection under the CAT.

Tumbel and his family are ethnically Indonesian, but are sometimes perceived as being Chinese, due to their light skin tone.  The family is also Christian.  Tumbel, who was the only family member to testify, told of an incident in 1987[2] when he was worshiping with others in his pastor's home.  A group of neighbors came to complain because they were singing and clapping too loudly.  The pastor asked the worshipers to sing more quietly, but then four men approached and threw stones at the windows of the

_____

[1] The IJ granted voluntary departure, and the BIA extended the voluntary departure period to 60 days from its August 2, 2007 decision.

[2] The IJ's decision gives the date as 1997, but a review of the testimony shows this is a typographical error.  A.R. 100, 141-42.

2

church.  A.R. 142.  The pastor stopped the service, and from then on, the group met from 6:00 to 8:00 a.m. instead of 5:00 to 7:00 p.m., so they would not interfere with Muslim prayer time.  Id.  Tumbel also noted that he was a teacher at a Christian school, and he was subjected to verbal insults when people saw him in the parking lot of that school.  A.R. 145.  Although she did not testify, Tumbel's wife's affidavit states that she was robbed at work during the riots of May 1998.  A.R. 320.

As noted, the IJ found the asylum applications untimely, but he found that even if they had been timely, he would not have found that what the petitioners had experienced in Indonesia rose to the level of persecution.  The IJ further found no evidence that Petitioners would be singled out for persecution in the future, and concluded that Petitioners had not shown there is a pattern or practice of persecution of Christians in Indonesia.  A.R. 110.  The IJ noted that because Petitioners had not met the burden of showing eligibility for asylum, they necessarily did not meet the higher burden for withholding of removal; i.e., a showing that it was more likely than not they would be persecuted in Indonesia.  A.R. 111.  The IJ further found no evidence that Petitioners would be tortured in Indonesia.  Id.

The Board was not persuaded by Petitioners' arguments that their asylum applications should have been found timely, and found the IJ did not err in denying their claims on the merits.  The Board also noted that Petitioners had not established a pattern or practice of persecution of Christians in Indonesia.

Petitioners filed a timely petition for review. Petitioners' sole argument is that the Board "erred in adopting the Immigration Judge's finding that Respondent was not eligible for Asylum and Withholding of Removal." The brief contains a cursory review of the facts and a brief discussion of the showing necessary for relief, but contains no explanation of how the Board erred.

Petitioners have not argued that the Board erred in finding their asylum claims untimely, and they have therefore waived the issue. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).[3] As the Government notes, even if Petitioners had made such an argument in their brief, we would lack jurisdiction to consider any factual or discretionary determinations regarding whether an exception to the one-year bar applied. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

We further agree with the Government that Petitioners did not exhaust their administrative remedies with regard to a withholding of removal claim. A petitioner must "raise and exhaust his . . . remedies as to each claim or ground for relief if he . . . is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Although Petitioners' brief to the Board asked that the IJ's order be overruled and that "their request for asylum, withholding of removal and protection under the Convention Against Torture be granted," the brief contained no

---

[3] Similarly, as Petitioners made no mention of their claim for relief pursuant to the CAT in their brief, the issue is waived.

4

argument explaining how the IJ erred in denying withholding of removal. Similarly, Petitioners' brief here contains only a conclusory sentence that they "qualif[y] for withholding of removal."

Assuming, <u>arguendo</u> that Petitioners' withholding of removal claim were properly exhausted, we would nevertheless agree with the Board that Petitioners did not demonstrate a clear probability of persecution if they were to return to Indonesia. <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469-70 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.